IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

PROVIDENCE HEALTH PLANS OF
OREGON, an Oregon nonprofit
corporation,

        Plaintiff,

   v.

CAROL SIMNITT,

        Defendant,

Civil No. 08-00044-HA

ORDER

HAGGERTY, District Judge:

On March 13, 2009, this court issued an Opinion and Order [40] denying parties' cross motions for summary judgment. In doing so, this court ruled that the Employee Retirement Income Security Act (ERISA) plan language at issue did not exempt the "make whole doctrine." After this ruling, the parties stipulated that judgment be entered in defendant's favor. *See* Stipulation for Entry of Judgment in Favor of Defendant [42]. Defendant subsequently moved for an award of attorney fees. For the following reasons, defendant's Motion for an Award of Attorney Fees [45] is granted in part.

1 - ORDER

## BACKGROUND

This court's prior rulings have provided a thorough background of this litigation, and the background need be only summarized here. Plaintiff operates a benefit plan for Providence Health Systems employees. Defendant was employed by Providence Health Systems and participated in the benefit plan. Defendant incurred $442,792.59 in medical bills related to a car accident. Plaintiff paid for defendant's medical care. The $442,792.59 figure was reduced to $143,194.69 due to writeoffs and pre-existing agreements with medical providers. Plaintiff sought reimbursement for the $143,194.69 that it expended on defendant's behalf. Plaintiff alleged that it was entitled to a portion of defendant's recovery, pursuant to the subrogation
section of the insurance policy that was issued to defendant.

This court ruled that a beneficiary must be fully compensated for her injuries, or "made whole," before an insurance company may enforce a right to subrogation. Further, the court ruled that the language of the ERISA plan at issue did not abrogate the "make whole doctrine." Following this ruling, the parties stipulated that defendant had not been made whole by her recovery and that judgment be entered in defendant's favor.

## STANDARDS

Pursuant to ERISA, 29 U.S.C. § 1132(g)(1), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." To determine whether an award is appropriate, the Court must consider the following factors:

    (1)    the degree of the opposing parties' culpability or bad faith;
    (2)    the ability of the opposing parties to satisfy the award of the attorney's fees;

> (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances;
> (4) whether parties requesting attorney's fees sought to benefit all participants of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
> (5) the relative merits of the parties' positions.

*Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*(*Miramar*), 920 F.2d 1491, 1495 (9th Cir. 1999). A court need not find that all factors weigh in favor of the movant in order to award attorney fees. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999).

To determine whether a request for attorney fees is reasonable, courts refer to the "lodestar" amount - the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986); *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). Additional factors used to determine whether requested attorney fees are reasonable include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill required;
> (4) the preclusion of other employment by the attorneys;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the undesirability of the case
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases

*Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975), *cert denied*, 425 U.S. 951 (1976).

**DISCUSSION**

3 - ORDER

Defendant has billed 278.8 hours and seeks an award totaling $43,385.00. Plaintiff argues that no attorney fees and costs should be awarded, and in the alternative, that the fees requested by defendant are inflated and unreasonable.

### I.     An Award of Attorney Fees Is Appropriate.

In considering the factors outlined by the Ninth Circuit in *Miramar*, it is clear that an award of fees is appropriate. On the cross motions for summary judgment, the court agreed with defendant, in that, the plan language did not exempt the make whole doctrine. Order and Opinion [40] at 17. As a direct result of this decision, plaintiff conceded that defendant was not made whole by her personal injury settlement and subsequently stipulated to judgment for defendant. Therefore, the relative merits of the parties' positions weigh in favor of a fee award.

Additionally, the award of attorney fees in this matter may deter other ERISA plans from initiating litigation for reimbursement before assuring that the relevant plan exempts the make whole doctrine. As a large corporate health plan, plaintiff is fully able to satisfy the attorney fees sought by defendant. This court does not believe that plaintiff acted in bad faith in filing this claim, nor did the litigation resolve a significant legal question, and therefore, the remaining factors neither weigh in favor for, nor against, the award of attorney fees. In sum, the evaluation of all factors demonstrates that an award of attorney fees is appropriate in this matter.

### II.    The Attorney Fees Sought Are Unreasonable.

Plaintiff specifically objects to several time record entries as duplicative, vague, and unreasonable. The court will now address those objections that have merit.

First, plaintiff objects to entry 2870, which billed 0.2 hours for reviewing the complaint. Plaintiff correctly notes that this activity was previously billed at entry 2852, and the additional time spent reviewing the complaint was unnecessarily duplicative. Therefore, 0.2 hours will be subtracted from Clair Miller's total billed activity.

Second, plaintiff objects to entry 2897, which billed 1.6 hours for finding plaintiff's tax form 5500 on an ERISA website. While this court recognizes that such activity was necessary to determine the funding status of the relevant plan, this court also deems the amount of time spent excessive. Therefore, an additional one hour will be subtracted from Miller's billed activity.

Third, plaintiff objects to entry 2954, in which Travis Mayor billed 2.8 hours for "review[ing] relevant ERISA and state insurance law." Not only is this entry's use of broad language overly vague, but it is also duplicative. Clair Miller had previously spent 36.1 hours researching subrogation and equitable defenses. As the new attorney, if Mayor reviewed ERISA law in an attempt to catch up to speed with the issues presented by this litigation, such activity is not the type for which a client should be billed. Therefore, 2.8 hours will be subtracted from Mayor's total billed activity.

Finally, Miller billed a total of 59.80 hours for research and preparation for Defendant's Motion for Summary Judgment [20]. Additionally, Mayor was hired and billed 42.10 hours to research and prepare for the Motion. This court believes that a total of 101.9 hours is an excessive amount of time to spend preparing a motion of this nature. The excessive time spent signifies a duplication of efforts. Therefore, five hours will be subtracted from both Miller and Mayor's motion preparation.

5 - ORDER

Accordingly, this court will subtract a total of 7.8 hours from Mayor's total billed activity and 6.2 hours from Miller's total billed activity. At the respective billing rates of each attorney, this equates to a total reduction of $1,790.00.

/ / / /

**CONCLUSION**

For the reasons provided, defendant's Motion for Attorney Fees [45] is granted in part. Defendants are entitled to $41,595.00 in attorney fees.

IT IS SO ORDERED.

Dated this   3   day of November, 2009.


    /s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

6 - ORDER